UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

RICHARD LANZAR, )
)
        Petitioner, )
) No. 1:04-CV-211
v. )
) Chief Judge Curtis L. Collier
UNITED STATES OF AMERICA, )
)
        Respondent. )

## **M E M O R A N D U M**

*Pro se* petitioner Richard Lanzar ("Petitioner") has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File No. 1, "Petition"). Petitioner filed a memorandum in support of his Petition (Court File No. 4, "Petitioner's memorandum"). Pursuant to the Court's Order (Court File No. 3), the Government filed a response to Petitioner's motion (Court File No. 5, "Government's Response"). The Court finds the materials thus submitted, together with the complete record of the underlying criminal case,[1] conclusively show Petitioner is not entitled to relief on the claims asserted in his Petition. Accordingly, the Court will decide those matters without an evidentiary hearing, *see United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir.), *cert. denied*, 508 U.S. 943, 113 S. Ct. 2423, 124 L. Ed. 2d 644 (1993), and will **DENY** Petitioner's motion for the following reasons.

---

[1]In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has considered all of the pleadings and filings in Petitioners § 2255 motion, which will be cited by the Court File Number assigned to the particular pleading or motion (*e.g.*, "Court File No. 1"), and all the files, records, transcripts, and correspondence relating to Petitioner's conviction in Criminal Docket No. 1:00-CR-112, which will be referred to by the Court File Number assigned to the particular matter in the underlying criminal case (*e.g.*, "Crim. Court File No. 1").

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 5, 2001, following a jury trial, Petitioner was sentenced to 210 months imprisonment for conspiracy to distribute more than one kilogram of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Crim. Court File No. 68, 71). According to the Presentence Report ("PSR"), Petitioner's sentence was determined solely by the drug amount attributable to him and his criminal history (PSR at ¶¶ 13-22, 43). The PSR attributed 9.9792 kilograms of methamphetamine to Petitioner based upon trial testimony (PSR at ¶¶ 5-7, 13). During the sentencing hearing, Defendant objected to the drug amount and the Court reviewed the trial evidence, and found the evidence supported this amount. The prescribed statutory maximum period of imprisonment for such a drug quantity is life imprisonment. 21 U.S.C. § 841 (b)(1)(A).

A timely notice of appeal was filed on October 9, 2001 (Crim. Court File No. 69). On direct appeal, Petitioner alleged the Court miscalculated the amount of methamphetamine for which Petitioner could be sentenced. Although Petitioner raised several issues on appeal relating to the trial proceedings, this was the only issue raised on appeal with respect to his sentence. Affirming the Court's calculation, the United States Court of Appeals for the Sixth Circuit stated as follows:

> While it is true in this case that the calculation of the drug amount attributable to the defendant was based upon the memory of an admitted drug addict and felon, it is also true – based on the evidence before the district court – that the extent of Lanzar's methamphetamine dealing far exceeded the quantity of contraband with which he was ultimately connected for sentencing purposes. . . .
>
> The 9.9792 kilogram amount finally attributed to the defendant by the district judge was thus less than half of even that artificially reduced amount. Moreover, pursuant to § 2D1.1(c)(2) of the United States Sentencing Guidelines, the level 36 sentence imposed by the district court would have been appropriate even had Lanzar been responsible for distribution of as little as five kilograms, or 11 pounds, of methamphetamine.

2

*United States v. Lanzar*, 2003 WL 21375165, *5 (6th Cir. June 11, 2003). The Sixth Circuit affirmed Petitioner's conviction and sentence on June 11, 2003. *Id.*

On July 6, 2004, Petitioner timely filed the present motion to vacate, set aside, or correct his conviction pursuant to 28 U.S.C. § 2255 (Court File No. 1). Petitioner now raises two claims attacking the judgment in his case (Court File No. 1 at 5-6). For the reasons stated below, these claims provide no basis to grant his Petition.

**II.     STANDARD OF REVIEW**

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court that imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles,* 568 F.2d 1, 5 (6th Cir. 1977); *Mayes v. United States,* 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000).

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must reflect a constitutional error of such magnitude it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 1721-22, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). In order to prevail on a § 2255 motion alleging non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an

3

egregious error violative of due process." *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir.), *cert. denied*, 531 U.S. 884, 121 S. Ct. 200, 148 L. Ed. 2d 140 (2000); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

One of Petitioner's claims rests on allegations of ineffective assistance of counsel. The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687, 104 S. Ct. at 2064. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S.

4

at 688, 104 S. Ct. at 2065. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690, 104 S. Ct. at 2066. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 2586, 91 L. Ed. 2d 305 (1986).

The second prong of the *Strickland* test requires the petitioner show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland,* 466 U.S. at 691, 104 S. Ct. at 2066. The petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694, 104 S. Ct. at 2068. The *Strickland* Court emphasized both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Id*. at 697, 104 S. Ct. at 2069.

## III.    DISCUSSION

Petitioner presents two grounds upon which he argues the Court should vacate, set aside, or correct his sentence. Petitioner contends (1) the sentence imposed violated his Sixth Amendment rights where the drug quantity was found by this Court and was not submitted to the jury for a determination beyond a reasonable doubt, relying on the decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 220 (2004); and (2) he was denied effective assistance of counsel when his attorney failed to object to the sentence calculation on Sixth Amendment grounds.

With the exception of a claim of ineffective assistance of counsel, a petitioner procedurally defaults a claim by failing to raise it on direct review. *See Bousley v. United States*, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610, 140 L. Ed. 2d 828 (1998). Petitioner appealed his conviction but did not argue the drug quantity calculation should have been submitted to a jury. A procedurally defaulted claim may only be raised in a § 2255 motion if the petitioner can first demonstrate either (1) "cause" to excuse his failure to raise the claim previously and actual "prejudice" resulting from the alleged violation, or (2) "actual innocence." *Id.* at 622, 118 S. Ct. at 1611; *Peveler v. United States*, 269 F.3d 693, 698-700 (6th Cir. 2001). Petitioner has not attempted to demonstrate "cause" or "actual innocence." Nevertheless, the Court will proceed to address the merits of Petitioner's first claim because Petitioner would not be entitled to relief on this claim even if it had not been procedurally defaulted.

Petitioner argues his sentence violated the Sixth Amendment because the Court rather than a jury determined the drug quantity upon which it was based, and his counsel was constitutionally ineffective in failing to object to the sentence on Sixth Amendment grounds, relying on the decisions

in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004). "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. As Petitioner was not sentenced beyond the prescribed statutory maximum period of life imprisonment, Petitioner's sentence did not violate the Sixth Amendment and his counsel was not deficient in failing to raise this claim, nor was Petitioner prejudiced by its omission. Thus the Court will **DENY** Petitioner's claim for relief on this ground.

Regarding the *Blakely* allegations of ineffective assistance of counsel, *Blakely* was decided more than two years after Petitioner's sentence was imposed and approximately one year after the Sixth Circuit affirmed Petitioner's sentence and conviction. *Blakely's* reasoning was applied to the federal Sentencing Guidelines following the January 2005 Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). The Sixth Circuit has held the rule in *Booker* does not apply retroactively in collateral proceedings. *Humphress v. United States*, 398 F.3d 855, 860, 863 (6th Cir. 2005). Therefore, this claim is completely without merit.

The Sixth Circuit has previously rejected a claim for ineffective assistance of counsel where counsel failed to anticipate and raise an objection based on the subsequent change in law in *Blakely* and *Booker*:

> Burgess's trial counsel cannot be deemed ineffective for failing to anticipate the Supreme Court's June 24, 2004 holding in *Blakely* that the Sixth Amendment precluded the imposition of a sentence under Washington state's sentencing system based on facts not found by a jury or admitted by the defendant. See *Blakely*, 124 S.Ct. at 2537-38 (applying *Apprendi*). The Supreme Court had not even agreed to hear the appeal in *Blakely* until over a month after Burgess's sentencing. See *Blakely v. Washington*, 540 U.S. 965, 124 S.Ct. 429, 157 L.Ed.2d 309 (Oct. 20, 2003). Nor can counsel be deemed ineffective for lacking the additional prescience to anticipate that the eventual holding in *Blakely* would lead to the Supreme Court's January 12, 2005 decision in *Booker* to remedy potential Sixth Amendment problems in the

7

application of the federal Sentencing Guidelines by declaring the Guidelines advisory only, *Booker*, 125 S.Ct. at 764-67, particularly because the *Blakely* opinion makes clear that it expresses no opinion on the continuing validity of the federal guidelines, *Blakely*, 124 S.Ct. at 2538 n. 9.

*U.S. v. Burgess*, 2005 WL 1515327, *7 (6th Cir. June 22, 2005) (internal citations omitted). Since the Court chose a reasonable sentence within the Guideline range, Petitioner fails to meet his burden to show prejudice resulting from this failure. Therefore, Petitioner's claim fails both prongs of the *Strickland* test. Counsel was not deficient in failing to raise this claim, nor was Petitioner prejudiced by its omission. Accordingly, the Court will also **DENY** Petitioner's claim for relief on this ground.

## IV. CONCLUSION

For the above stated reasons, the Court concludes Petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States, and the motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED**.

The Court must now consider issues that may arise if Petitioner files a notice of appeal. Section 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion.[2] Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability. No § 2255 petitioner may appeal without this certificate. District judges may issue certificates of appealability under the

---

[2] The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. *Hereford v. United States*, 117 F.3d 949, 951 (6th Cir. 1997); *cf. McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $105 filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure. *Hereford*, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

Antiterrorism and Effective Death Penalty Act ("AEDPA"), which codifies the standard for issuing a certificate of probable cause originally articulated in *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394, 77 L. Ed. 2d 1090 (1983). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). "A certificate of probable cause requires petitioner to make a 'substantial showing of the denial of [a] federal right.'" *Barefoot*, 463 U.S. at 893, 103 S. Ct. at 3394. *See also* 28 U.S.C. § 2253(c)(2). The standard is perhaps best phrased as follows:

> In requiring a "question of some substance," or a "substantial showing of the denial of [a] federal right," obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further."

*Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980) (quoting *United States ex rel. Jones v. Richmond*, 245 F.2d 234 (2d Cir.), *cert. denied*, 355 U.S. 846, 78 S. Ct. 71, 2 L. Ed. 2d 56 (1957)).

In this case, Petitioner's claims are clearly without merit, and he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore **DENIES** a certificate of appealability.

Fed. R. App. P. 24(a) further requires the district court to certify in writing whether an appeal would be taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines any appeal in this case would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R.App. P. 24(a), any appeal in this matter by Petitioner is not taken in good faith, and he may not proceed on appeal *in forma pauperis*. *United States v. Atkins*, 171 F. Supp. 2d 769 (W.D. Tenn. 2001). No certificate of appealability will issue as Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

An Order shall enter.

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**

10